**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                          **Plaintiff,**

              v.                                                **12-CR-258A**

**TIMOTHY MCCABE,**

                          **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #24.

## PRELIMINARY STATEMENT

The defendant, Timothy McCabe ("McCabe"), along with his wife, Theresa Morales, is charged in a nine-count, Superseding Indictment (Dkt. #45) with bank fraud and conspiracy to commit bank fraud. Presently pending is McCabe's omnibus discovery motion. Dkt. #48. Also pending are McCabe's motions to sever counts and to sever from co-defendant Morales, as well as a motion to dismiss for improper venue. This Court's Report, Recommendation and Order on defendant McCabe's motion to dismiss will be filed separately. What follows is this Court's Decision and Order addressing defendant McCabe's non-dispositive omnibus discovery motion.

**DISCUSSION AND ANALYSIS**

*Brady* **Material**

Within his broad request labeled "*Brady* Material," the defendant seeks the immediate disclosure of any material that is favorable to the defendant. Dkt. #48, pp.14-16. The defendant also seeks all "potentially favorable evidence, including, but not limited to: statements, Grand Jury testimony, witnesses, books, papers, reports, photographs, handwritten notes, synopses of statements made by witnesses, or any other tangible items of evidence in the custody and control of the government . . ." Dkt. #48, ¶33. Moreover, the defendant seeks exculpatory and/or impeaching material in the government's possession, custody and control. Thus, the Court will treat this request principally as one for *Brady* and *Giglio* material. In its response the government states,

> [t]he Government acknowledges its affirmative and continuing duty to provide a defendant with exculpatory evidence, under the authority of Brady, as well as evidence that the defense might use to impeach the government's witnesses at trial. . . . In the instant case, the government agrees to provide impeachment Brady material, i.e., promises of leniency or immunity agreements with government witnesses, plea and/or non-prosecution agreements and letters or memorandum of understanding regarding such, criminal arrest records of all prosecution witnesses, immoral, vicious or criminal acts committed by witnesses, prior inconsistent statements, and payments to witnesses or family members thereof, and all other promises or considerations given by government personnel to government witnesses or family members thereof, in accordance with the schedule set by the District Court prior to trial and no later than when the government produces and delivers the Jencks Act material in this case.

Dkt. #51, pp.5 and 7 (internal citations omitted).

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his/her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**3500 Material**

By this request, the defendant seeks the early disclosure of witness statements pursuant to Title 18, United States Code, Section 3500. Dkt. #48, pp.17-18. Specifically, the defendant states,

> 39. The trial of this case will involve thousands of documents.
>
> 40. With that in mind, we respectfully ask that the Court order the government to immediately prepare an exhibit list so that counsel for both sides can prepare for the case and be ready for trial when the time comes. While the defense has thousands of pages of discovery at the present time, in preparation for trial, it will have to go through those pages with whatever markings they have on them. If a week before trial, all those pages have to be remarked because of the government's exhibit list, it will take weeks to get that straightened out.
>
> 42. The defendant requests the Court to order the government to deliver to the defendant immediately, but in no event not later than four weeks prior to the date of the trial, the following:
>
>   a. Any statement, however taken or recorded, or a transcription thereof, if any, made by the witness(es) to a Grand Jury;
>
>   b. Any written statement made by a witness that is signed or otherwise adopted or approved by the witness;
>
>   c. Any stenographic, mechanical, electrical, or other recording or a transcription thereof, which is a substantially verbatim recital of an oral statement made by the witness and recorded contemporaneously with the making of such oral statement;
>
>   d. Any and all rough notes of witness interview(s) taken or obtained in any investigation of the defendant including Federal, State, Local, and

     other investigations whether or not the
     contents thereof have been incorporated in
     official records;

  e. Any notes and memoranda made by
    government counsel during the interviewing of
    any witness intended to be called by the
    government in their direct case. Goldberg v.
    United States, 425 U.S. 94, 101-108 (1976);

  f. All surveillance reports made or adopted by a
    witness. United States v. Petito, 671 F.2d 68,
    73 (2d Cir. 1932)[sic].

Dkt. #48, ¶¶ 39, 40 and 42.

  With respect to defendant McCabe's request for the early disclosure of *Jencks* Act material, the government states that it will provide all the material required to be disclosed pursuant to Title 18, United States Code, Section 3500, no later than two weeks prior to trial or as ordered by the District Judge. Dkt. #51, p.8. The government states that it has previously disclosed "the sum and substance of the statements made by various witnesses with regard to this case, exclusive of grand jury testimony. The grand jury testimony involved in this case will be provided to the defendant at the time noted above, pursuant to Title 18, United States Code, Section 3500." *Id*. In addition, the government agrees to disclose written statements of witnesses and investigative agency or police department memoranda of interviews of witnesses as required by Title 18, United States Code, Section 3500. *Id*. With respect to rough notes, to the extent any exist, the government agrees to endeavor to maintain such records, but states that no such basis for disclosure exists at this time. *Id*. Finally, the government states that "the voluminous discovery for this case has been provided

to defense counsel in a searchable, well-organized format. The government declines to prepare a final exhibit list at the present time, and will comply with the scheduling order set by the District Court with respect to this issue." *Id*.

As noted above, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the trial judge's pretrial order concerning the disclosure of witnesses' statements and the preparation of an exhibit list, the defendant's requests are denied. Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Statements of the Defendant**

Under the heading "Statements of the Defendant," defendant McCabe seeks copies of any statements made by the defendant, including, written or recorded statements, any written record of any oral statement, any grand jury testimony, and any other statement made before or after arrest in response to interrogation by a government agent. Dkt. #48, ¶45. In its response, the government states,

> All written and recorded statements of the defendant have been provided, as well as the substance of any oral statements made by the defendant before and after arrest in response to interrogation by any persons known to the defendant to be a government agent. The government will not provide other materials requested, unless specifically agreed to, since the information sought is outside the purview of Rule 16.

Dkt. #51, p.9. Based on the representations made by the government that all written and recorded statements of the defendant have been provided, the defendant's request is denied as moot.

**Expert Disclosure**

The defendant requests that the government provide a written summary of any testimony the government intends to use pursuant to Rules 702, 703 and 705 of the Federal Rules of Evidence. Dkt. #48, ¶¶47-48. In its response, the government states that it will comply with the defendant's requests for notice of expert testimony pursuant to Rule 16(a)(1)(G) of witnesses who will testify pursuant to Rules 702, 703 and 705 of the Federal Rules of Evidence. Dkt. #51, p.9. Based on the representations made by the government, defendant's request is denied as moot.

**Other Crime Evidence**

>By this request, the defendant states,
>
>If the government intends to put in proof of any other crime evidence, or any other bad act evidence, we ask that the government provide it at this time, so it can be addressed pretrial. Pursuant to Rules 12(b)(4), (d)(1) and (2) of the Federal Rules of Criminal Procedure, and Rules 104(a) and 404(b) of the Federal Rules of Evidence, the defendant respectfully requests that the government notify the defendant of any evidence that the government contends would be admissible under Rule 404(b) of the Federal Rules of Evidence.

Dkt. #48, ¶49. In addition, the defendant requests pretrial disclosure of any other evidence the government intends to use to impeach the defendant's credibility should he choose to testify. *Id*. at ¶50. In its response, the government states,

>By way of discovery in this case, the defendants have been provided with the indication that the government's intention is to offer proof that these activities are such crimes, wrongs or acts which the government intends to introduce during its direct case at trial. It is the government's position that such proof is relevant and admissible pursuant to Rule 404(b), as well as pursuant to normal evidentiary considerations concerning proof of the crime charged in the Indictment. . . . The District Court judge assigned in this case typically requires such disclosure by a date certain prior to trial. The United States will provide notification of any Rule 404(b) evidence it intends to introduce at trial well in advance of trial. The trial in this matter, however, has not yet been scheduled.

Dkt. #51, p.10.

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial." (Emphasis added). Insofar as the government has indicated that it

intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot. The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

With respect to the defendant's request pursuant to Rule 608, Rule 608 does not contain the same pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore, defendant's request in this regard is denied. With respect to the defendant's request pursuant to Rule 609, based on the representations made by counsel for the government, defendant's request is denied as moot. The government is hereby reminded that should the government learn of evidence of other crimes, wrongs and acts it intends to offer pursuant to Federal Rules of Evidence Rules 608 and 609 (impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* Act material and the disclosure requirements set by the trial judge in advance of the trial. Accordingly, based on the representations made by the government, the defendant's requests are denied as moot.

**List of Proposed Witnesses**

Citing the volume of documents and the potential number of witnesses expected to be involved in the trial of this matter, the defendant requests the government to provide a list of proposed witnesses. Dkt. #48, ¶54. In its response, the government declines to provide the names of potential witnesses at trial because Rule 16 does not require such disclosure prior to trial. Dkt. #51, p.11. The defendant's request for the disclosure of the identity of the government's potential witnesses who will testify at trial is denied because Fed.R.Crim.P. 16 does not require such disclosure and defendant McCabe has offered no "particularized showing of need" for same. *See United States v. Hennings,* No. 95-CR-0010A, 1997 WL 714250, at *13; *United States v. Bejasa,* 904 F.2d 137, 139 (2d Cir.), *cert. denied,* 498 U.S. 921 (1990); *United States v. Johnson,* No. 92-CR-39A, 1994 WL 805243 (W.D.N.Y. May 26, 1995), *aff'd,* 108 F.3d 1370 (1997); *United States v. Pastor,* 419 F. Supp. 1318, 1320 (S.D.N.Y. 1975).

**Preservation of Rough Notes and Other Evidence**

By this request, the defendant seeks an Order from this Court requiring all government agents and officers who participated in this investigation to retain and preserve all rough or handwritten notes taken as part of their investigation, regardless of whether or not the contents of the notes are incorporated in official records. Dkt. #48, ¶55. In addition, the defendant also requests an Order from this Court directing the government to preserve and protect from destruction, alteration, mutilation or dilution any and all evidence acquired in their investigation of defendant. *Id.* at ¶57. In

its response, the government states, "regarding rough notes, should any exist, no such basis exists at this time for providing the requested materials. The government will endeavor to maintain such materials, should they exist." Dkt. #51, p.8.

Although perhaps unnecessary, based on the representations made by counsel for the government concerning its acknowledgment of its obligation and its agreement to instruct the agents to retain and preserve rough notes, the express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976). Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* Act material in this case.

**Leave to Make Further Motions**

By this request, the defendant, "reserves the right to make further motions as the factors and evidence emerge through requested disclosure." Dkt. #48, ¶58. Subject to the limitation contained in the aforesaid quotation, the defendant's request to make further and additional motions that may be necessary is granted.

**Joinder**

Finally, defendant McCabe seeks to join in the motions filed by co-defendant Morales to the extent such motions are applicable to him. This request is granted with the further directive and finding that the decision made by this Court as to the co-defendant's requests contained in the omnibus motion in which this defendant joins, shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Motions for Severance**

By this request, defendant McCabe seeks severance of Counts 1-7 from Counts 8 and 9 of the Superseding Indictment. In addition, defendant McCabe also seeks severance from his co-defendant, Theresa Morales. Dkt. #48, pp.9-14. In support of his request for the severance of counts, defendant McCabe cites the prejudicial spillover effect from the other counts. With respect to the severance from his co-defendant, defendant McCabe states that the defendants will have antagonistic defenses. A Decision and Order on defendant McCabe's motions to sever is left to the

discretion of the District Judge to whom this case is assigned, District Judge Richard J. Arcara.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**


DATED:     Buffalo, New York
           November 18, 2013

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.
United States Magistrate Judge**