**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

      v.                                                  **12-CR-258A**

**THERESA MORALES,**

                **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #24.

## PRELIMINARY STATEMENT

The defendant, Theresa Morales ("Morales"), along with her husband, Timothy McCabe, is charged in a nine-count, Superseding Indictment (Dkt. #45) with bank fraud and conspiracy to commit bank fraud. Presently pending is Morales' omnibus discovery motion. Dkt. #50. Also pending is Morales' motion to sever counts and to sever from co-defendant McCabe.[1] Dkt. #58. What follows is this Court's Decision and Order addressing defendant Morales' non-dispositive omnibus discovery motion.

---

[1] A decision on the motions to sever are left to the sound discretion of the trial court judge.

## DISCUSSION AND ANALYSIS

**Bill of Particulars**

With respect to Counts 1 through 7 alleging fraud against various financial institutions, defendant Morales seeks the following particularization: identify the name of all individuals and corporations from whom the government alleges the defendant committed fraud; specify the exact false statements upon which the government relies; and, specify the exact theory of fraud upon which the government relies. Dkt. #50, p.4. With respect to the conspiracy to commit bank fraud charge (Count 8), defendant Morales requests that the government describe each overt act in furtherance of the conspiracy. *Id*.

> In its response, the government states,
>
> The government maintains that the Indictment is sufficient and that the demand for a Bill of Particulars is unwarranted. The discovery provided thus far in this action provides a comprehensive picture of the defendant's culpability with respect to the charges under the indictment. The indictment sets forth clearly, in chart form, each of the victim lenders. Furthermore, the indictment sets forth in detail the false and fraudulent information contained in the loan applications Furthermore, each of the loan applications have been provided to the defendant as part of the discovery process.

Dkt. #52, p.4.

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he or she has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*,

415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Superseding Indictment, along with the discovery materials the government advises have previously been provided or will be provided forthwith by reason of this Decision and Order, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is she in need of, the "particulars" being sought for that purpose.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008).

Based on the foregoing, this Court concludes that the allegations in the Superseding Indictment, together with the representations made by counsel for the

government concerning the discovery previously provided to the defendant and those materials ordered to be disclosed herein, are more than sufficient and the demand for a bill of particulars is unwarranted. Accordingly, the defendant's request for a bill of particulars is denied.

**Discovery**

As a threshold matter, defendant Morales prefaces her Rule 16 discovery requests with the following statement, "[t]he government has already provided the defense with many discoverable items, and this request therefore encompasses those items not previously disclosed." Dkt. #50, p.5. In its response the government states, "[t]he government has previously provided the defendant with all discoverable items in its possession. The government contends that through the voluntary discovery process, it has provided all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes that discovery is thereby complete." Dkt. #52, p.7.

**Defendant's Statements**

The defendant requests copies of any written, recorded, oral or observed statements made by her and not already disclosed. Dkt. #50, p.5. In addition, defendant Morales seeks the disclosure of statements of uncharged co-defendants or co-conspirators or attributed to any uncharged co-defendant or co-conspirator, including notes, summaries or memoranda concerning such statements. *Id*. In its response, the

government states that all written and recorded statements of the defendant and co-defendant have been provided, as well as the substance of any oral statements made by the defendant before and after arrest in response to law enforcement interrogation. Rule 16(a)(1)(A) and (B) of the Federal Rules of Criminal Procedure mandates, upon a defendant's request, the disclosure of the substance of a defendant's relevant oral statements, as well as any relevant written or recorded statements made by the defendant. Accordingly, based on the government's representations that the defendant's and the co-defendant's statements have been disclosed, defendant Morales' request is denied as moot.

As noted above, by this request, defendant Morales also seeks the disclosure of all written, recorded, or oral statements made by a co-defendant/co-conspirator, indicted or unindicted. Dkt. #50, p.5. Although the government did not specifically respond to this request, Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure only authorizes discovery by a defendant of his or her own statement and not those of a co-defendant, except as may be otherwise provided for in Title 18, United States Code, Section 3500. Even though statements of co-defendants are not discoverable under Rule 16(a)(1)(A), it is possible to find that they are discoverable under Rule 16(a)(1)(E). As noted above, the government has stated that the co-defendant's statements have been disclosed. Accordingly, for the foregoing reasons, defendant Morales' request is denied as moot.

With respect to defendant Morales' request for the disclosure of co-conspirators' statements, the government does not specifically respond to this request. Because Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time. As a result, defendant's request for disclosure is denied.

Citing Federal Rule of Evidence 807, defendant Morales requests advance notice of any out of court statements sought to be introduced at trial against the defendant in order to avoid confusion, waste of time and unfairness at trial. Dkt. #50, pp.5-6. Rule 807 of the Federal Rules of Evidence requires that in order for a statement to be admissible, provided the requirements of 807(a) are satisfied, the proponent give the adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address. Based on the notice requirements set forth in Federal Rule of Evidence 807, the defendant's request is granted.

**Discovery with Respect to FRE 702, 703 and 705**

By the requests under the heading "Scientific," defendant Morales is seeking the disclosure of any report concerning any physical or mental examination or scientific test or experiment relating to this case. Dkt. #50, p.6. Defendant Morales subsequently requests that she be provided with a list of the government's expert witnesses and the substance of any reports from those witnesses. Dkt. #50, p.6. As

required by Rule 16(a)(1)(G), at the defendant's request, the government must provide to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. Rule 16(a)(1)(G) further provides that the summary must describe the witness's opinions, the bases and reasons for those opinions and the witness's qualifications. Subject to the requirements and limitations set forth in Federal Rule of Criminal Procedure 16(a)(1)(G), defendant Morales' requests are granted.

**Federal Documents and Law Enforcement Documents**

By these requests, the defendant is seeking all records routinely kept by the United States government relating to any person or conduct charged in the Superseding Indictment. In addition, these requests seek all investigative reports, complaints, evidence logs, memos and other documents maintained by any federal, state or local police or law enforcement agency. Dkt. #50, pp.7-8. The government did not specifically respond to this request.

As will be discussed in greater detail below, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* Act statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his or her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior

to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge. The government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Summaries, Logs of Conversations**
**Title III Wiretap, Pen Register, Search Warrant Applications or Consensual Recordings, Surveillance**

In her request titled "Summaries, Logs of Conversations" and "Surveillance" the defendant seeks all monitoring logs or summaries or other documents concerning intercepted conversations or observed conversations. Dkt. #50, p.9. In addition, the defendant is seeking all applications for visual, electronic or other surveillance, pen registers, search warrants and surveillance. *Id*. Although the government does not specifically respond to these requests, in its general response, the government states,

> [t]he government contends that through the voluntary discovery process, it has provided all material presently within its possession that is within the purview of Rule 16 and in compliance with Rule 12(b)(4)(B) and believes that discovery is thereby complete.

Dkt. #52, p.7. To the extent such documents and/or information exists and is otherwise subject to disclosure pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure, defendant Morales' requests are granted.

**Third Party Documents
Other Documents**

>By her request for "third party documents," the defendant seeks,
>
>>27) [a]ny documents, not already disclosed, obtained from any banks, financial institutions, or the like relating in any way to the indictment or the investigation which lead up to the indictment.
>>
>>28) Any documents, not already disclosed, obtained from any common carriers whether for packages, information, data, or persons, including telephone records, or the like relating in any way to the indictment or the investigation which lead up to the indictment.
>>
>>29) The government and the Grand Jury may have obtained records from a variety of third party record keepers. As the collection of that information was or may have been material to the preparation of the case from the government's point of view, its review by the defense is also now required in order to allow the defense to prepare.

Dkt. #50, p.10. With respect to her request for "other documents," the defendant states,

>[r]ather than requiring the accused to guess about other types of documentary information or evidence which has been collected in connection with this case . . . the government should be required to specify any additional documents in its possession or under its control which relate in any way to the present case so that the discoverability of that information might be evaluated at the present time.

*Id*. at pp.10-11. Again, although the government did not specifically respond to these requests, based upon the government's general response to the defendant's motion, defendant's requests are denied.

**Tapes, Photographs, Transcripts**

By this request, the defendant seeks copies of all video or audio tapes made in connection with the investigation. Dkt. #50, pp.11-12. In addition, the defendant seeks copies of any photographs made in connection with this investigation. *Id*. Finally, the defendant seeks "verbatim transcripts of all conversations identified by the government as being relevant to the case." *Id*. As noted above, in its response, the government states that voluntary disclosure has already been provided. Moreover, in its response, the government states,

> [t]he government is not aware of any communications intercepted in connection with this case. The government is not aware of any recorded or transcribed communications or conversations made in connection with the case, other than statements which have previously been turned over. The government is not aware of the existence of any photographic evidence related to this case.

Dkt. #52, p.9. Therefore, based on the representations made by counsel for the government that the requested items have either been provided or that the items have been made available to the defendant, defendant's request is denied as moot.

**Physical Evidence**

By this request titled "physical evidence," the defendant seeks, "all physical evidence collected or seized in connection with the case." Dkt. #50, pp.12-13. In its response, the government states that it has made available all tangible objects and that she can examine such material in the custody of the Federal Bureau of Investigation and pursuant to Rule 12(b)(4)(B), the material will be used against her at

trial. Dkt. #52, p.8. Based on the representations made by counsel for the government, the defendant's request is denied as moot.

### Witnesses

The defendant requests that the government disclose its list of witnesses that it expects to call at the trial. Dkt. #50, p.13. In support of this request, the defendant asserts that, "[t]he conspiracy charged covers many incidents over an extended period of time. Knowledge of who are the witnesses and a complete bill of particulars will allow the defendant to properly prepare for trial and permit some element of fairness in this case." *Id*. In its response, the government states that it will disclose written statements of witnesses and investigative agency or police department memoranda of interviews of witnesses as required under Title 18, United States Code, Section 3500. Because the defendant has failed to demonstrate that pretrial disclosure of the government's witness list is both material and reasonable, defendant's motion is denied.

### Rule 403, 404(b) and 609 Material

In her request, the defendant states,

[i]n order to permit defendant to determine whether or not grounds exist for objection, defendant requests that the government be required, in accord with Fed. R. Crim. P. 12(d), to disclose any evidence intended to be offered at trial that would cause undue surprise or prejudice, evidence of other crimes intended to prove character, or evidence of prior convictions the government intends to use for purposes of impeachment of defendant should he [sic] testify.

Dkt. #50, pp.13-14. In its response, the government states that,

> Rule 404(b) of the Federal Rules of Evidence permits the admission into evidence of proof of other crimes, wrongs or acts during the direct case of the government for purposes of proving such matters as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. By way of discovery in this case, the defendants have been provided with the indication that the government's intention is to offer proof that these activities are such crimes, wrongs or acts which the government intends to introduce during its direct case at trial. It is the government's position that such proof is relevant and admissible pursuant to Rule 404(b), as well as pursuant to normal evidentiary considerations concerning proof of the crime charged in the Indictment. . . . The District Court judge assigned in this case typically requires such disclosure by a date certain prior to trial. The United States will provide notification of any Rule 404(b) evidence it intends to introduce at trial well in advance of trial. The trial in this matter, however, has not yet been scheduled. The defendants' motions, thus, should be denied as premature.

Dkt. #52, pp.12-13 (internal citations omitted).

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial." (Emphasis added). Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot. The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

With respect to the defendant's request pursuant to Rule 608, Rule 608 does not contain the same pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore, defendant's request in this regard is denied. With respect to the defendant's request pursuant to Rule 609, based on the representations made by counsel for the government, defendant's request is denied as moot. The government is hereby reminded that should the government learn of evidence of other crimes, wrongs and acts it intends to offer pursuant to Federal Rules of Evidence Rules 608 and 609 (impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* Act material and the disclosure requirements set by the trial judge in advance of the trial.

***Brady* and *Giglio* Material**

In her request labeled "*Giglio* Material" the defendant is seeking the disclosure of *Brady* and *Giglio* material. Dkt. #50, pp.14-20. In its response to defendant's request, the government states in pertinent part,

> The government acknowledges its affirmative continuing duty to provide a defendant with exculpatory evidence, under the authority of Brady, as well as evidence that the defense might use to impeach the government's witnesses at trial. See United States v. Bagley, 473 U.S. 667 (1985); Giglio v. United States, 405 U.S. 150 (1972).
>
> * * *
>
> In the instant case, the government agrees to provide impeachment Brady material, i.e., promises of leniency or

> immunity agreements with government witnesses, plea and/or non-prosecution agreements and letters or memorandum of understanding regarding such, criminal arrest records of all prosecution witnesses, immoral, vicious or criminal acts committed by witnesses, prior inconsistent statements, and payments to witnesses or family members thereof, and all other promises or considerations given by government personnel to government witnesses or family members thereof, in accordance with the schedule set by the District Court prior to trial and no later than when the government produces and delivers the <u>Jencks</u> Act material in this case. Courts have routinely held that a prosecutor's compliance with the disclosure of material under the <u>Jencks</u> Act is timely disclosure under <u>Brady</u>. <u>See</u> <u>United States v. Persico</u>, 621 F.Supp. 842, 870 n.3 (2d Cir. 1985). Accordingly, the Court should find that the government is in full compliance with its <u>Brady</u> obligation, and deny the defendant's motions in this regard.

Dkt. #52, pp.10 and 12. Accordingly, based on the representations made by counsel for the government, the defendant's request for "*Giglio* material" is denied as moot.

**Preclusion of Expert/Opinion Evidence by the Government**

Defendant Morales seeks to preclude the admission of any "opinions" offered by the government that defendant Morales "offered any documents with fraudulent intent" because such evidence according to her would be "merely conclusory and an invasion of the province of the jury." Dkt. #50, p.20. The decision of whether to allow any expert or opinion testimony is left to the sound discretion of the trial judge to whom this case is assigned.

**Early Disclosure of *Jencks* Act Material**

By this request, the defendant seeks the early disclosure of witness statements pursuant to Title 18, United States Code, Section 3500. Dkt. #50, pp.21-22. As noted above, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his or her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the understanding that the government will comply with the trial judge's pretrial order concerning the disclosure of witnesses' statements, the defendant's request is denied. Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Identity of Informants**

The defendant requests the disclosure of the identity of any government informants. Dkt. #50, p.22. In support of her request, defendant Morales asserts that, "[r]eview of material disclosed to date reveals that many of the informants referred to

were participants in the criminality alleged in the indictment. In order to prepare an adequate defense it is necessary that informant identities be revealed so that counsel may attempt to interview them and otherwise investigate their allegations, biases, and benefits derived from cooperating with the government." *Id*. In its response, the government declines to provide the names of all potential witnesses at trial and asserts that defendant Morales has not made a sufficient showing to demonstrate that disclosure is essential to the effective preparation of a defense. Dkt. #52, p.6. Moreover, the government states, "[t]he government is not aware of the involvement of any informants in this investigation." Dkt. #52, p.6. In order to be entitled to the requested information, the defendant must sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Moreover, the Court notes that the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is instructive:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular

> circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* *See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jiminez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997). The Court finds that absent any indication that any informants

-17-

were used in this investigation, the defendant's request is denied. However, even if informants had been used, the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case.

**Joinder in Motion for Change of Venue**

Defendant Morales seeks to join in the motion for a change of venue filed by co-defendant McCabe. This request is granted with the further directive and finding that the decision made by this Court (Dkt. #57) as to the co-defendant's motion, shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Leave to Make Further Motions**

Finally, by this request, the defendant, "reserves the right to make further motions as the factors and evidence emerge through requested disclosure." Dkt. #50, p.23. Subject to the limitation contained in the aforesaid quotation, the defendant's request to make further and additional motions that may be necessary is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with Fed. R. Crim. P. 59(a).

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(1) of the Local Rules for the Western District of New York, written objections shall specifically identify the portions of the Decision and Order to which the party objects and the basis for such objection and, shall be supported by legal authority. **Failure to comply with the provisions of Local Rule 59(b)(1), may result in the District Judge's refusal to consider the objection.**

In accordance with the requirements set forth in Local Rule 59(b)(3), "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statements either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge." **Failure to comply with the provisions of Local Rule 59(b)(3), may result in the District Judge's refusal to consider the objection.**

DATED:   Buffalo, New York
             December 5, 2013

                                                                *s/ H. Kenneth Schroeder, Jr.*
                                                                **H. KENNETH SCHROEDER, JR.**
                                                                **United States Magistrate Judge**