UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                                                **DECISION AND ORDER**
          v.                                             12-CR-258

TIMOTHY MCCABE and
THERESA MORALES,

                    Defendants.

---

## INTRODUCTION

Before the Court is defendant Timothy McCabe's motion for severance of Counts 1 through 7 from Counts 8 and 9 of the Superseding Indictment and for severance of defendants. (Dkt. No. 48) Also before the Court is defendant Theresa Morales' motion for severance of Counts 1 through 8 from Count 9 of the Superseding Indictment and for severance of defendants. (Dkt. No. 58) For the following reasons, defendant McCabe and defendant Morales' motions for severance of Counts and severance of defendants are denied.

## SUMMARY OF THE FACTS

On April 26, 2013, a grand jury for the Western District of New York returned a 9-Count Superseding Indictment against Timothy McCabe ("defendant" or "McCabe") and Theresa Morales ("defendant" or "Morales") alleging various frauds and schemes to defraud in obtaining mortgages and other loans. Specifically, it is alleged that from sometime in 2006 through August 2007,

defendant McCabe made arrangements to obtain seven loans for residential properties.  The applications were made through Nickel City Funding, a mortgage broker in Western New York.  The loans were in the form of mortgages, home equity lines of credit and/or refinancing of existing mortgages, and they were to be obtained from six different financial institutions.  Defendant Morales, McCabe's wife, signed and swore to the truth and accuracy of the loan documents.

It is alleged that in applying for these loans, McCabe and Morales submitted documents that contained materially false and fraudulent statements and representations.  Specifically, it is alleged that the documents falsely inflated income for Morales' employment with Verizon, falsely inflated income for her employment with National Auto Leasing, and provided false and fraudulent employment verification information for Morales on behalf of National Auto Leasing.  It is also alleged that some of the loan documents contained false information as to properties allegedly owned by Morales and false statements as to Morales' intent to occupy the properties as her primary residence.  In reliance on these documents, seven mortgage loans were issued in Morales' name.  The total amount of the loans obtained was $2,326,000.

It is also charged that between on or about August 6, 2007 and on or about August 26, 2008, McCabe submitted documentation to Erie Metropolitan Federal Credit Union in Morales' name in support of loan applications.  The loans were purportedly to be used to purchase vehicles and a boat with a trailer.  Three

separate loans were ultimately issued, in the total amount of $88,500. The Government alleges that McCabe did not intend to use the loans for the purchases indicated. Instead, the money was funneled into bank accounts controlled by McCabe and Morales.

Counts 1 through 7 of the Superseding Indictment pertain to defendants' alleged use of fraudulent applications, supporting statements and documents to obtain mortgages, home equity lines of credit, and re-financing of existing mortgages. Count 8 charges defendants with conspiracy to commit bank fraud, relative to Counts 1 through 7. Count 9 charges bank fraud against defendant McCabe only, and pertains to his use of fraudulent applications and documents to obtain vehicle and boat loans.

## **MOTIONS FOR SEVERANCE**

*Defendant McCabe's Motion to Sever Counts*

Federal Rule of Criminal Procedure 8(a) allows for the joinder of offenses that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." "Similar" charges include those that are "somewhat alike", or those "having a general likeness" to each other. *United States v. Rivera*, 546 F.3d 245 (2d. Cir. 2008); *accord United States v. Werner*, 620 F.2d 922, 926 (2d. Cir. 1980) ("similar" character means "corresponding; resembling in many respects; somewhat alike; having a general likeness"). Counts that have a "sufficient

3

logical connection" to each other can be tried together, as can those "where the same evidence may be used to prove each count." *United States v. Blakney*, 941 F.2d 114, 116 (2d. Cir. 1991). Rule 8(a) recognizes the adverse effect on the defendant by a joinder of counts, but considers this to be outweighed by gains in trial economy when one of the criteria of the rules are met. *Werner*, 620 f.2d at 928.

Defendant McCabe moves for severance of Counts 1 through 7 from Counts 8-9 of the Superseding Indictment on the grounds that a joint trial will cause a "prejudicial spillover effect from the other counts." He argues that the charges involve various alleged transactions and occurrences that are not connected to one another and are not part of any alleged common scheme or plan. He maintains that the mortgage fraud counts involve completely different alleged transactions and occurrences than the boat and auto loans, and that the transactions are separated in time and involve distinctly different evidence and theories of proof.

Counts 1 through 7 (Fraud Against Financial Institutions) and Count 8 (Bank Fraud relative to Counts 1-7) are clearly connected, are of a similar character and constitute part of the same or similar scheme or plan. The Counts involve the very same transactions, over the same time period, and would clearly involve the same witnesses and evidence. Thus, Counts 1 through 8 are properly joined pursuant to Rule 8(a).

While the transactions were separate and occurred at different time, Counts 1 through 8 and Count 9 are also similar and have a sufficient logical connection to be tried together. All of the offenses involve the submission of fraudulent information and false documentation to financial institutions, in the name of defendant Morales, in order to obtain various loans at more favorable terms than defendants would otherwise have be able to secure. The loans were all arranged through defendant McCabe's contacts in the Western District of New York. In addition, the time periods of Counts 1 through 8 and Count 9 overlap once, during the month of August 2008. In *United States v. Werner*, the Second Circuit held that the district court properly joined separate theft and robbery counts, despite the fact that one involved violence and the other did not, since "both offenses arose out of [defendant's] scheme to use his position as an insider [at the airport] to obtain money or property." 620 F.2d at 927. Similarly here, both offenses arose out of the same alleged scheme, namely defendant McCabe's submission of fraudulent documents in Morales' name to various financial institutions in order to secure favorable loans.

Further, it appears that at least some evidence will overlap. The Superseding Indictment alleges that with respect to Count 7, the loan application listed a falsely inflated income as to Morales' employment with National Auto Leasing. Similarly, one of the loan applications referenced in Count 9 also listed falsely inflated income as to Morales' employment with National Auto Leasing.

5

The Government avers that proof as to these facts would be identical. The Government also states that the evidence will show that the proceeds of a loan referenced in Count 7 were deposited into the same bank account as the proceeds from one of the loans referenced in Count 9. The Government contends that it would offer identical proof as to the existence of the bank account and that it was controlled by Morales. In *United States v. Amato*, the Second Circuit concluded that joinder was proper where the evidence used to prove a gun count was interconnected and overlapping with evidence offered to prove RICO, loansharking and murder counts. 15 F.3d 230 (2d. Cir. 1993). Like in *Amato*, the overlapping evidence here also supports joinder under Rule 8(a).

Even when counts are properly joined under Rule 8(a), Federal Rule of Criminal Procedure 14(a) provides that "if joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." *See* Fed. R. Crim. P. 14(a). While courts recognize that joinder of counts is inherently prejudicial, severance is only required when a "miscarriage of justice" would occur in trying the counts together. *United States v. Barrett*, 505 F.2d 1091, 1105 (7th Cir. 1974); *Amato*, 15 F.3d at 237 (Rule 8 authorizes some prejudice, and "a defendant who seeks separate trials under Rule 14 carries a heavy burden of showing that joinder will result in substantial prejudice"). In *Werner*, the Second

Circuit found that substantial prejudice would not occur in joining the separate theft and robbery counts since "the jury could readily examine (defendant's) conduct on the two different occasions separately and (the district judge) clearly and repeatedly ordered it to do so." 690 F.2d at 929.

Here, defendant McCabe argues that there is a risk of substantial prejudice in joining the counts since the jury is likely to consider it more likely that he committed one type of offense because he is charged with other types of offenses. This potential adverse effect is present in every case involving a joinder of counts, and the Second Circuit has found that it is not enough, on its own, to warrant severance. See Werner, 620 F.2d at 928-29 ("Granting separate trials under Rule 14 simply on a showing of some adverse effect, particularly solely the adverse effect of being tried for two crimes rather than one, would reject the balance struck in Rule 8(a), since this type of 'prejudice' will exist in any Rule 8(a) case.")

Defendant McCabe has not pointed to any substantial prejudice that would amount to a miscarriage of justice. The matter is not so complicated that the jury could not consider the Counts separately. A limiting instruction may be given instructing them that each crime must be evaluated on its own, and that the elements as to each must be proven beyond a reasonable doubt. Furthermore, the Court notes that even if separate trials were held, evidence in support of the Bank Fraud with respect to Counts 1 through 8 would likely be admissible against

7

McCabe with respect to the Bank Fraud alleged in Count 9, in order to establish intent and lack of mistake under Federal Rule of Evidence Rule 404(b). Thus, there is no reason to believe any potential prejudice, in that regard, would be cured by ordering separate trials.

*<u>Defendant Morales' Motion to Sever Counts</u>*

Defendant Morales also moves, pursuant to Federal Rules of Criminal Procedure 8(a) and 14, for severance of Count 9 from Counts 1 through 8 of the Superseding Indictment. Like defendant McCabe, Morales argues that Counts 1 through 8 and Count 9 are separated in time, are not part of the same scheme or plan and that joinder would be prejudicial.

For the very same reasons enumerated above with respect to defendant McCabe's motion, the Court finds that Counts 1 through 8 and Count 9 of the Superseding Indictment are properly joined as to defendant Morales pursuant to Rule 8(a), and that joinder of those Counts will not result in substantial prejudice that would amount to a miscarriage of justice. The Court also notes that Morales is not charged in Count 9, and therefore any potential prejudice she may experience with respect to the introduction of evidence as to Count 9 is substantially lessened.

*<u>Defendant McCabe's Motion for Severance from Defendant Morales</u>*

Federal Rule of Criminal Procedure 8(b) provides for joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the

same series of acts or transactions, constituting an offense or offenses." *See* Fed. R. Crim. P. 8(b). The Second Circuit has interpreted this language to mean that "joinder is proper where two or more persons' criminal acts are 'unified by some substantial identity of facts or participants' or 'arise out of a common scheme or plan'." *United States v. Cervone*, 907 F.2d 332, 341 (2d. Cir. 1990); *quoting United States v. Attanasio*, 870 F.2d 809, 815 (2d. Cir. 1989). The Second Circuit has also found joinder to be proper where "a reasonable person would easily recognize the common factual elements that permit joinder" and "even if the district court had tried the two defendants separately, the evidence at one trial would essentially duplicate the evidence at the other." *Id*. There is a preference in the federal system that defendants who are indicted together be tried together. *United States v. Ventura*, 724 F.2d 305, 312 (2d. Cir. 1983).

Defendants McCabe and Morales are alleged to have participated in the very same scheme to defraud set forth in Counts 1 through 8, and the evidence as to each defendant would be nearly identical. Thus, joinder of defendants is proper pursuant to Rule 8(b).

However, as explained above, Rule 14 permits a district court to sever a defendant's trial if it appears that either the government or the defendant will be severely prejudiced by the joinder, so as to result in a miscarriage of justice and the denial of a constitutionally fair trial. *United States v. Stirling*, 571 F.2d 708, 733 (2d Cir. 1978); *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003).

9

Here, defendant McCabe argues that he should be severed from his wife, defendant Morales, because they have antagonistic defenses. McCabe argues that Morales will likely argue that he was the one who provided the false information in her name, that she was largely unaware of the mistakes or alleged fraud in the closing documents, that McCabe primarily communicated with the lenders and mortgage brokers, and that McCabe devised and profited from the scheme. McCabe argues that if Morales presents this defense through questions by her attorney, he will be deprived of his right to confront the witnesses against him.

Mutually antagonistic defenses are not prejudicial *per se*. *See Zafiro v. Martinez*, 506 U.S. 534, 538 (1993) (defendants are not entitled to separate trials merely because they would have a better chance of acquittal at separate trials). In order to show that severance is required, a defendant must show that the positions of co-defendants are such that "the jury, in order to believe the core of testimony offered on behalf of [one] defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant." *United States v. Villegas*, 899 F.2d 1324, 1346 (2d. Cir. 1990). Efforts of one defendant to place the blame on another, or to contend that a co-defendant coerced her into engaging in illegal conduct, do not rise to the level of antagonism that requires a severance, nor is it sufficient that one defendant contends that another coerced him to engage in unlawful conduct if the jury could believe both that contention and the

codefendant's defense. *Id*.; *see also United States v. Swingler*, 758 F.2d 477, 494-96 (10th. Cir. 1985) (severance not required where one defendant claimed he was coerced by members of the motorcycle gang to participate in narcotics conspiracy, and gang member codefendant disclaimed involvement in the conspiracy).

In *United States v. Zafiro*, the Supreme Court held that a defendant in a drug conspiracy case was not entitled to a separate trial because his defense was that he knew nothing about the conspiracy. 506 U.S. at 538. There, defendant argued that his defense was antagonistic to the defenses of other alleged co-conspirators. In analyzing defendant's claim, the Supreme Court held that a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent a jury from making a reliable judgment with respect to guilt or innocence. *Id*. "Such a risk might occur when evidence that the jury should not consider against a defendant and would not be admissible if a defendant were tried alone is admitted against a co-defendant." *Id*.

In *United States v. Potamitis*, the Second Circuit found that the district court did not err in refusing to sever trials where defendants claimed that their defenses were antagonistic. 739 F.2d 784 (2d. Cir. 1984). Specifically, one defendant argued that a joint trial with his son prevented him from testifying in his defense that he received the truck from his son and delivered it to another defendant. The

11

Second Circuit noted that at no time did counsel for defendant offer, to the district court, any particularized showing of what his client's testimony would be or why such testimony could not be presented at a joint trial. The Second Circuit found "that there is nothing now before us which details any further an antagonism of the nature and degree required to compel severance." *Id*.

McCabe has not demonstrated sufficient prejudice to warrant a severance. To begin, counsel has not informed the Court as to what McCabe's defense will be, and therefore the Court is unable to determine whether it is antagonistic to Morales' purported defense. As to McCabe's argument that he will be prevented from confronting the witnesses against him, it is unclear how Morales' attorneys would be able to question witnesses as to Morales' state of mind and/or knowledge of the fraud in the first place. Indeed, even if counsel could pursue this line of questioning, or if Morales herself testified that her husband submitted the false documents without her knowledge or consent, it cannot be said that this testimony is antagonistic to McCabe's defense. Indeed, the exclusion of evidence that Morales did not know about the fraud would not necessarily be beneficial to McCabe, since all that needs to be shown for his conviction is that he submitted the documents knowing that they contained false information. Finally, any spillover evidence may be remedied by a carefully tailored jury instruction. *United States v. Potamitis*, 739 F.2d at 784 (severance not appropriate where district judge's limiting instructions to the jury were adequate to

protect defendants from spillover evidence admissible only against other co-defendants). Since there has been no showing that the jury, in order to believe the evidence offered by McCabe, would have to disbelieve the evidence offered by Morales, or that a joint trial would result in substantial prejudice which amounts to a miscarriage of justice, a severance is not warranted.

*Defendant Morales' Motion to Sever Defendant McCabe*

Defendant Morales also moves for severance from her husband pursuant to Rule 14, and likewise contends that a joint trial would involve antagonistic defenses and that she would not be able to confront the witnesses against her. Morales will apparently argue that she did not knowingly make false and fraudulent statements about her income, assets, and employment history in mortgage applications. Instead, her husband prepared all of the documents and instructed her to sign them without review. Counsel for Morales states that "upon information and belief, the source of which is consultation with the parties, defendant Morales believes that her husband would be willing to testify and give exculpatory evidence for her in a separate trial, and the defendant requests that the court, under its authority at FRCP 14(b), conduct an *in camera* review of the statements of the parties to assess the significance of such evidence before ruling on severance."

"A defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial."

13

*Zafiro*, 506 U.S. at 539. The Second Circuit has held that when a defendant moves for severance based upon claims that her co-defendant will provide exculpatory evidence at a separate trial, courts should consider the following: (1) the sufficiency of the showing that a co-defendant would testify and waive his Fifth Amendment privilege; (2) the degree to which the exculpatory evidence would be cumulative; (3) counter-arguments of judicial economy; and (4) the likelihood the proffered testimony would be subject to substantial damaging impeachment. *United States v. Finkelstein*, 526 F.2d 517, 523-25 (2d. Cir. 1975). Importantly, declarations of an intent to testify at a separate trial without demonstrating an intent to plead guilty or waive a Fifth Amendment right have been held to be insufficient showing for the first factor. *United States v. Levy*, 2013 WL 787913, at *1 (SDNY 2013). *See also Gorin v. United States*, 313 F.2d 641, 646 (1st Cir. 1963) ("[I]t is unrealistic to think that a co-defendant would be any more willing to waive his constitutional privilege against self-incrimination when called as a witness at a separate trial than he would be willing to insist upon his privilege as a defendant not to take the stand.")

Morales' argument fails on the very first factor. There is no indication that defendant McCabe intends to plead guilty or waive his Fifth Amendment rights. In fact, all this Court has to consider is Morales' own conclusory and unsupported belief that her husband may be willing to testify on her behalf. Such speculation is not sufficient to overcome the strong preference for joint trials in the interest of

judicial economy, or to overcome the difficult burden of demonstrating sufficient prejudice to warrant separate trials.

## **CONCLUSION**

For the foregoing reasons, defendant McCabe and defendant Morales' respective motions to sever Counts and defendants are each denied in their entirety. The parties are instructed to appear before the Court on Friday, February 21, 2014 at 1:30 PM for a status conference and to set a briefing schedule for the appeal of Magistrate Judge Schroeder's December 5, 2013 Decision and Order.

SO ORDERED.

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated: February 19, 2014